# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KENDRICK D. SMITH, #184819**                                               **PLAINTIFF**

v.                                           **CIVIL NO. 1:19cv368-HSO-JCG**

**LUCY MARTIN, Lt.**                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court sua sponte. Pro se Plaintiff Kendrick D. Smith ("Plaintiff"), an inmate of the Mississippi Department of Corrections, brings this Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. *See* Order [8]. The named Defendant is Lucy Martin, disciplinary officer at South Mississippi Correctional Institution, Leakesville, Mississippi. Compl. [1] at 2. The Court, having liberally construed Plaintiff's Complaint [1] and Response [11], finds that this case should be dismissed.

## I. BACKGROUND

In January or February 2019, Plaintiff received Rule Violation Report ("RVR") #01796708 for violation of Rule C7 for possessing a cellular device. Pl.'s Resp. [11] at 1. As a result, his custodial classification level was reduced to "C-custody" and he lost prison privileges (including canteen/commissary and visitation).[1] Pl.'s Resp. [11] at 2. Plaintiff's appeal of this RVR was denied via the prison grievance system. Compl. [1-2] at 2.

---

[1] MDOC utilizes four custody designations: minimum custody; medium custody; close custody (referred to as c-custody); and death row. *MDOC Inmate Handbook* at 3 (Rev. 2016), https://www.mdoc.ms.gov/Inmate-Info/Documents/Chapter_I.pdf.

Plaintiff complains that Defendant Martin acted as the disciplinary investigator and disciplinary hearing officer which violated his right to due process. Compl. [1] at 5. Plaintiff seeks relief in the form of the expungement of the RVR and "clear the debt on my books (inmate account)." *Id*.

## II. DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. 28 U.S.C. § 1915(h). The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Since Plaintiff is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case screening procedures set forth in the PLRA.

Plaintiff claims Defendant violated his constitutional right to due process because she was both the disciplinary investigator and disciplinary hearing officer. To invoke the protections of the Due Process Clause of the Fourteenth Amendment, Plaintiff must have a protected liberty interest at stake. In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484−85 (1995)

---

Inmates designated close custody are not allowed the same job opportunities or privileges afforded to minimum or medium custody inmates. *Id*.

(finding the discipline of inmates by prison officials is consistent with the expectations of the sentence imposed by a court of law).

A change in an inmate's classification level is not an atypical or significant hardship warranting constitutional protection. *Wilkerson v. Stalder*, 329 F.3d 431, 435−36 (5th Cir. 2003) (noting that "[t]his circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification"). The classification of prisoners falls well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250−51 (5th Cir. 1990) (citations omitted). Plaintiff clearly does not have a "constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits." *Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, at *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59 F. 3d 530, 533 (5th Cir. 1995)). A reduction in Plaintiff's classification level or loss of the ability to earn sentence credits associated with a specific classification level does not implicate due process protection.

Similarly, privilege restrictions like the ones in this case are "merely changes in the conditions of [Plaintiff's] confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see Lewis v. Dretke*, 54 F. App'x 795, 795 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, along with 15 days of solitary confinement, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504,

508 (5th Cir. 1999) (observing that prisoners have no constitutional right to visitation privileges and that restrictions on those privileges do not implicate any due process concerns). Since Plaintiff does not have a constitutionally protected right to a specific classification level and because the privilege restrictions of which he complains do not rise to the level of a due process violation, Defendant did not violate Plaintiff's due process rights. Therefore, Plaintiff's complaints regarding the RVR for possession of a cellular device and resulting punishment are legally frivolous. *See, e.g.*, *Lewis*, 54 F. App'x at 795 (finding inmate's due process claims related to prison disciplinary action frivolous).

III. CONCLUSION

Based on the foregoing, this civil action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED and ADJUDGED, this the 5th day of February, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

4